## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Melissa A. McIntyre,<br><br>    Plaintiff,<br>v.<br><br>Reliance Standard Life Insurance Company,<br><br>    Defendant. | Case No.: 17-CV-05134 JRT/DTS<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** |

  McIntyre has two points to make in her Reply Memorandum. First, RSL is not entitled to toll the regulatory time lines to decide an appeal EXCEPT FOR the time needed to respond to a request to the claimant for additional information. That exception does not apply, therefore, there is no basis for RSL's assertion of tolling of the appeal decision deadline.

  Second, RSL's eleventh-hour submission of the surveillance video should not be considered by this Court because it was not reviewed by RSL when the appeal was decided.

# LEGAL ANALYSIS

I. <u>TOLLING OF THE APPEAL DEADLINE IS PERMITTED ONLY WHEN THE INSURER IS AWAITING INFORMATION REQUESTED FROM THE CLAIMANT WHICH DOES NOT APPLY TO THIS CASE</u>.

RSL claims that the appeal deadline was "tolled" while it was waiting to obtain medical records, reviewing those records, waiting for an IME report and making its decision.[1]  This is not correct.

The applicable version of the regulations[2] is clear: tolling applies only to the period following notification to the claimant of the need for an extension through the time when the claimant responds.

> . . . In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, <u>the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information</u>.[3]

Courts have consistently held this tolling language permits tolling only for the time period after notice of the need for an extension up through the point when

---

[1] RSL's Responsive Memo at 4.

[2] *See* f.n. 192 of Plaintiff's Memo in Support of her Motion for Summary Judgment.

[3] 29 C.F.R. §2560.503-1(i)(4)(emphasis added).

a response comes from the claimant.[4]  Thus, tolling is not permitted for the time needed to secure medical records directly, the time needed to obtain an IME, or the time taken to issue an appeal determination.

> *This interpretation of the tolling provisions makes sense in light of the fact that tolling exists for the benefit of the claimant.   [Insurer] has unilateral authority to begin tolling an extension period insofar as [Insurer] has discretion to determine what "necessary" information is lacking. [Insurer] also has the authority under the plan to deny a claim based on a claimant's failure to submit requested information. . . . However, once a claimant responds to a notification of tolling, [Insurer] must continue to process the claim and appeal in accordance with the deadlines.*[5]

RSL's assertion that tolling applies to all of the time it took to decide McIntyre's appeal is legally incorrect.  RSL did not make a written request to McIntyre within the first 45-days.  Rather, within the first 45-days, RSL wrote McIntyre that it would be tolling the deadline for the time needed to obtain documents it was requesting from her physicians.[6]  But this is not the situation

---

[4] *See e.g., Carlson v. Reliance Standard Ins. Co.,* 2017 WL 4767660 at *6 (M.D. Tenn. 10/20/17); *Stevens v. Sun Life Health Ins. Co.,* 2017 WL 900005 *11 (M.D. Ala. 3/7/17); *Holmes v. Colorado Coalition for Homeless LTD Plan,* 762 F.3d 1195, 1204-05 (10th Cir. 2014); *Fitzgerald v. Long Term Disability Plan of Packard's on the Plaza,* 2013 WL 12178732 *6 (D.N.M. 4/4/13); *McDowell v. Standard Ins. Co.,* 55 F. Supp. 2d  1361, 1368-69 (N.D. Ga. 2008).

[5] *McDowell,* 555 F. Supp. 2d at 1369.

[6] RSL 453-54.  NOTE:  McIntyre was mistaken in her initial memorandum when she wrote that RSL wrote in that letter that it was tolling to await an IME.  As

where the regulation allows tolling.  Tolling is proper only for requests made to the <u>claimant.</u>  There was no request made to the claimant here.  It was only to her physicians.  As the Court in the *Fitzgerald* case has held with regard to RSL: *"[o]nce Plaintiff responded to [RSL's] request for information, the tolling period ended and was not renewed upon requests to Plaintiff's doctors for additional information."*[7]  Thus, RSL's assertion that the lengthy period it took to decide McIntyre's claim was all subject to tolling is wrong.

II. <u>THE SURVEILLANCE VIDEO SHOULD NOT BECOME PART OF THE JUDICIAL RECORD NOR SHOULD IT BE CONSIDERED BY THIS COURT WHERE THE VIDEO WAS NOT REVIEWED BY RSL WHEN THE CLAIM WAS DECIDED.</u>

With its Reply Memorandum, RSL seeks to augment the judicial record and the administrative with the surveillance video taken of McIntyre during June of 2015.[8]  This Court should not allow the video into the judicial record nor consider it for two reasons.  First, it was not made a part of the administrative record provided to McIntyre.  But more importantly, there is no evidence that this video was ever considered by any of RSL's representatives when they made

---

RSL has pointed out (Def. Resp. Memo at p.4 n.3), RSL said it was tolling while it waited for documents it was requesting from McIntyre's providers.

[7] *Fitzgerald*, 2013 WL 12178732 at *6.

[8] RSL Reply Memo at 4.

decisions about McIntyre's claim.

First, the court scheduling order required RSL to submit the entire administrative claim record on or before March 14, 2018.[9]  RSL supplied the administrative record on that date.  RSL presumably examined the administrative record in connection with bringing its own motion for summary judgment.  But not until after doing so and after responding to McIntyre's motion for summary judgment did RSL's counsel identify that the surveillance video was not in the claim file.  So now RSL's counsel is attempting to add this to the record.  It is too late to do so after the motions for summary judgment are already in process and long after the deadline to provide the administrative record has run.[10]  Particularly is this so where RSL's counsel offers no explanation for the untimely submission of this video.

But more importantly, **there is no evidence that any RSL representative ever saw the video surveillance.**  Rather, the administrative record shows that the representatives at RSL relied solely on the **report** of the

---

[9] *See* Docket 9.

[10] *See Barham v. Reliance Standard Life Ins. Co.,* 441 F.3d 581,584-85 (8th Cir. 2006).

surveillance,[11] not the video.

To begin with, on 10/16/15, RSL's claims examiner, Timothy S. Scott,[12] prepares an AO CMP Report in which he writes: *"Surveillance Report (Received 07/02/2015 [NOT INCLUDED IN RNRs] On Tuesday June 23, 2015 and Wednesday, June 24, 2015 the Employee was observed …"*[13]  Later in the same report Scott writes: *"Given Employee's ability to walk normally per the Surveillance report …"*[14]  The writer is clearly referencing his review of the surveillance report.  He says nothing about the video.

Next on 12/8/15, Scott refers the claim to Nurse Bergstrom.[15]  In his referral memorandum, Scott asks Nurse Bergstrom to look at the Surveillance Report in doing her analysis. *"Please consider EE's information as reported on the [Activities of Daily Living Form] and please consider the Surveillance Report (Claim Document 07/02/2015) as it was conducted after the most recent RN*

---

[11] The Marshall Investigative Group ("MIG") surveillance report is at RSL 916-927.

[12] *See* RSL 282 and *compare* to RSL 447 for identity of RSL's 426sts as Timothy S. Scott.

[13] RSL 282 (emphasis added).

[14] *Id.* (emphasis added).

[15] RSL 284.

*review on file."*[16]

When Nurse Bergstrom issues her report on 12/15/15, she references only that she has reviewed "additional file material."[17]  She says nothing about watching a surveillance video.[18]

The file is then reviewed again by Scott who recounts the evidence from Nurse Bergstrom and the medical records and makes his recommendation that the claim be terminated.[19]  In doing so, Scott again specifies his review of the surveillance report writing: *"[a]ccording to the <u>surveillance report</u> we received . . ."*[20]

Consistently, when Scott writes the benefit termination letter to McIntyre, he references only the surveillance report—not the surveillance video.  He relates to McIntyre: *"[a]ccording to the <u>Surveillance Report</u> of July 1, 2015 . . .".*[21]

---

[16] *Id.* (emphasis added).

[17] RSL 284.

[18] *Id.*

[19] RSL 285-87.

[20] RSL 286 (emphasis added).

[21] RSL 447 (emphasis added).

The same approach applies to RSL's handling of McIntyre's claim on appeal. That is, when Claims Examiner Susan Strickler sends material to Dr. Bushara for his review, she sends what is labeled as "surveillance report."[22] When Dr. Bushara enumerates what he has reviewed to prepare his report, he writes that he reviewed a "surveillance report."[23] Thus, no one who reviewed this matter for RSL ever saw the surveillance video.

Under these circumstances, RSL's request to submit the video to this Court and to add it to the administrative record is improper. The surveillance video was never considered by anyone at RSL. Thus, it should not be added to the administrative record now where the rule is that matters not presented to the plan/insurer may not be considered during judicial review. "*Under ERISA, when a denial of benefits is challenged through judicial review, 'the record that was before the administrator furnishes the primary basis for review.*" [24] "When

---

[22] RSL 1592.

[23] RSL 1162.

[24] *Trustees of Electrician's Salary Deferral Plan v. Wright*, 688 F.3d 922, 925 (8th Cir. 2012); *DuMond v. Centex Corp.*, 172 F.3d 618, 621 (8th Cir. 1999).

*conducting a deferential review, a court usually cannot consider evidence outside the administrative record."*[25]

Accordingly, McIntyre requests that this Court not admit or consider the surveillance video that RSL never watched.

| | |
|---|---|
| Dated: November 5, 2018 | By: <u>Katherine L. MacKinnon</u><br>Katherine L. MacKinnon (170926)<br>LAW OFFICE OF KATHERINE L. MACKINNON P.L.L.C<br>2356 University Avenue #230<br>St. Paul, MN 55114<br>952-915-9215 (phone)<br>952-915-9217 (fax)<br>kate@katemackinnon.com |

---

[25] *Derksen v. CNA Group Life Assur Co.,* 2005 WL 3542878 *13 (D. Minn. 11/8/05).