UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MELISSA A. MCINTYRE,

              Plaintiff,

v.

RELIANCE STANDARD LIFE INSURANCE COMPANY,

              Defendant.

Civil No. 17-5134 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR ATTORNEY FEES AND COSTS**

Katherine L. MacKinnon and Nicolet Lyon, **LAW OFFICES OF KATHERINE L. MACKINNON PLLC**, 2356 University Avenue West, Suite 230, Saint Paul, MN 55114, for plaintiff.

Leah N. Kippola-Friske and William D. Hittler, **NILAN JOHNSON LEWIS PA**, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for defendant.

Plaintiff Melissa McIntyre brought this Employment Retirement Income Security Act ("ERISA") action against Defendant Reliance Standard Life Insurance Company ("Reliance"), after Reliance terminated McIntyre's benefits based on its determination that her condition no longer satisfied the policy definition of "total disability." The Court reviewed the parties' cross-motions for summary judgment and granted judgment in favor of McIntyre. Applying a de novo standard of review, the Court found that Reliance had breached its fiduciary duty. Reliance appealed and the Eighth Circuit vacated and remanded, instructing the Court to employ an abuse of discretion standard. The parties again filed cross-motions for summary judgment and, applying an abuse of discretion

standard, the Court granted McIntyre summary judgment. McIntyre now seeks an award of attorney fees and costs for the litigation.

## BACKGROUND

McIntyre filed her Complaint on November 16, 2017, alleging that she satisfied the Reliance policy definition of disability and that Reliance's decision to terminate her long-term disability benefits breached the policy and violated ERISA. (Compl. ¶¶ 56–59, Nov. 16, 2017, Docket No. 1). The parties filed cross-motions for summary judgment. (Def.'s 1st Mot. Summ. J., Oct. 1, 2018, Docket No. 16; Pl.'s 1st Mot. Summ. J., Oct. 1, 2018, Docket No. 28.)

The Court, reviewing the administrative determination to not pay out long-term disability benefits under a de novo standard, granted McIntyre summary judgment. (1st Order Summ. J., May 28, 2019, Docket No. 41.) Subsequently, the parties filed a stipulation agreeing that Reliance owed $50,000 to McIntyre in total fees and costs incurred through May 28, 2019. (Proposed Order to Judge, June 12, 2019, Docket No. 44.) The amount would become due if Reliance did not appeal or within two weeks of a favorable judgment for McIntyre on appeal. (Order Approving Stipulation, at 2, June 26, 2019, Docket No. 46.) The Court awarded this amount to McIntyre and held that the payment was without waiver or prejudice to McIntyre's ability to file a claim for additional fees and costs for proceedings occurring after May 28, 2019. (*Id.*)

Reliance appealed the Court's decision on summary judgment. (Notice of Appeal, June 25, 2019, Docket No. 45.) The Eighth Circuit vacated and remanded, holding that the Court erred in treating a conflict of interest and the administrator's procedural delay as triggers for de novo review rather than as factors considered in an abuse of discretion analysis. *McIntyre v. Reliance Standard Life Ins. Co.*, 972 F.3d 955, 963, 965 (8th Cir. 2020). The Eighth Circuit instructed the Court to review Reliance's benefits determination under an abuse of discretion analysis. *Id.* at 966. The Eighth Circuit declined to apply the abuse of discretion standard itself, preferencing remand as the more appropriate procedure because the inquiry here is factually intensive. *Id.* at 965.

Upon remand, the parties again filed cross-motions for summary judgment. (Pl.'s 2nd Mot. Summ. J., Oct. 16, 2020, Docket No. 58; Def.'s 2nd Mot. Summ. J., Nov. 6, 2020, Docket No. 62.) On these new motions, after a thorough review of the record, the Court granted summary judgment to McIntyre finding that Reliance abused its discretion in terminating McIntyre's long-term disability benefits. (2nd Order Summ. J., Aug. 20, 2021, Docket No. 76.) McIntyre is now seeking attorney fees and costs incurred between May 29, 2019 and September 5, 2021, in the amount of $73,542.44[1], in addition to the previous award of $50,000 stipulated to by the parties for attorney fees and costs prior to May 28, 2019. (Mem. Supp. Mot. Att'y Fees & Costs, Sept. 7, 2021, Docket No. 81.)

---

[1] This amount represents $617.44 in costs and $71,925.00 in fees. (Aff. of Katherine L. MacKinnon, at ¶¶ 28–29, Sept. 7, 2021, Docket No. 79.)

This request includes fees and costs for the appellate proceedings. (*Id.*) McIntyre asks that this amount be awarded without waiver or prejudice to her right to seek additional fees and costs after September 5, 2021. (*Id.*)

## DISCUSSION

### I. *Westerhaus* Factors

As a threshold issue, the Court must first determine whether McIntyre is entitled to an award of attorney fees and costs under ERISA. The decision to award fees is discretionary, not mandatory. *Lawrence v. Westerhaus*, 749 F.2d 494, 495 (8th Cir. 1984). The Court should consider: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing party could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Id.* at 496.

The first factor weighs in favor of an award of attorney fees and costs. Reliance delivered its decision in 204 days, well over the statutory limit of 90 days, and this delay enabled Reliance to secure the only piece of evidence supporting a denial of benefits. (2nd Order Summ. J. Order at 18) Reliance's delay in issuing a decision on McIntyre's claim was an "egregious procedural irregularity" and violated ERISA's statutory mandates. (*Id.* at

4

17.) As previously concluded by this Court, Reliance's procedural delays and failure to consider substantial evidence of disability constituted an abuse of discretion. (*Id.* at 23.) Reliance was significantly culpable in its violations here. Furthermore, the abuse of discretion standard requires that the Court afford "considerable deference" to Reliance and thus the Court's conclusion that Reliance abused its discretion indicates that Reliance was indeed significantly culpable.

The second factor weighs in favor of awarding the attorney fees and costs requested by McIntyre. Reliance, who has total assets of $17.5 billion and a total surplus of $1.6 billion, can pay fees and costs. Reliance does not dispute that they are able to pay.

The third and fourth factors favor an award of attorney fees and costs because an award is sure to have a deterrent effect. As McIntyre points out, ERISA does not provide for damages to a claimant for a procedural violation, like the violation committed by Reliance here. Absent an award of attorney fees and costs, Reliance would sustain no additional consequences as a result of the egregious procedural violations, meaning that Reliance, and others similarly situated, have no incentive to avoid committing similar transgressions. Thus, requiring Reliance to pay attorney fees and costs will deter them from committing similar violations in the future. Pursuing and, ultimately, succeeding on this claim benefits other claimants as well. Claimants who are subject to lengthy waiting periods on a decision regarding their benefits or whose plan administrators ignore the

substantial evidence in the record of their disability now have a way to vindicate those rights. McIntyre's success shows that violations of claims regulations can result in negative outcomes for insurers. By pursuing this litigation and being awarded her benefits and attorney fees and costs, McIntyre may encourage other claimants to commence litigation against their plan administrators for like conduct.

Lastly, McIntyre has been successful on the merits, showing that even under an abuse of discretion standard, Reliance's delay in awarding her benefits was inappropriate and she is entitled to relief.

Thus, considering all the *Westerhaus* factors, McIntyre is entitled to an award of attorney fees and costs under ERISA.

**II.     Fees and Costs Incurred Through May 28, 2019**

Prior to the Eighth Circuit appeal, the parties stipulated that Reliance would pay McIntyre $50,000 to cover the attorney fees and costs she incurred up to May 28, 2019. The Court ordered Reliance to pay this amount within two weeks if they did not undertake an appeal or following an issuance of a decision from the Eighth Circuit in which McIntyre was the prevailing party. Reliance does not dispute that they agreed to $50,000 prior to the first appeal nor does it contest that the $50,000 is reasonable. Reliance acknowledges that if McIntyre prevails on the appeal of the Court's August 23, 2021 Summary Judgment Order, she is entitled to $50,000. Reliance simply asserts that if McIntyre loses on appeal, she is not entitled to the award. Therefore, if McIntyre wins on appeal, it is undisputed

that Reliance must pay her $50,000 for attorney fees and costs incurred prior to May 28, 2019. The Court will hold, then, that McIntyre is entitled to $50,000 but will maintain the condition that McIntyre must be the prevailing party on any further appeal in order to be entitled to this amount.[2]

### III.     Fees and Costs Incurred During Reliance's Appeal

McIntyre requests a total amount of $72,542.44 in fees and costs accrued post May 28, 2019. $32,895.00 of this amount is associated with fees and costs incurred on appeal. Reliance argues that McIntyre is not entitled to this amount.

As an initial matter, Reliance contends that this Court has no authority to rule on a motion for McIntyre's fees and costs for the appeal. Rather, according to Reliance, McIntyre should have brought a motion in the Eighth Circuit under Local Rule 47(c) and her failure to do so bars her from seeking those fees in this Court. Reliance is incorrect. Local Rule 47(c) is a rule of procedure; it does not alter the jurisdiction granted to district courts by Congress. *Little Rock Sch. Dist. v. Arkansas*, 127 F.3d 693, 696 (8th Cir. 1997). "[D]istrict courts retain jurisdiction to decide attorneys' fees issues that [the Eighth Circuit] ha[s] not . . . undertaken to decide." *Id.* Thus, this Court may decide whether McIntyre is entitled to the $32,895.00.

---

[2] The Court will not impose a similar restriction on any of the other attorney fees and costs awarded in this Order as neither party has requested this language.

The Court may, in its discretion, award attorney costs and fees under 29 U.S.C. § 1132(g) to either party.  The statute permits the court to award fees if the party seeking them has achieved "some degree of success on the merits."  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010).  "A claimant does not satisfy that requirement by achieving 'trivial success on the merits' or a 'purely procedural victory,' but does satisfy it if the court can fairly call the **outcome** of the litigation some success on the merits[.]" Id. (citing *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 688 n.9 (1983)) (emphasis added).  As explained by Judge Berzon in her concurring opinion in *Micha v. Sun Life Assurance Co. of Canada*, "[a] plain reading of th[e] language [of the ERISA fee provision] makes clear that Congress intended the fee-shifting provision to apply to the 'action' as a whole, rather than to discrete aspects of it."  874 F.3d 1052, 1061 (9th Cir. 2017) (Berzon, J., concurring).

McIntyre has certainly had some, arguably complete, success as to the outcome of this litigation.  She has succeeded in establishing, under a more exacting standard, that she is entitled to long-term disability benefits.  The fact that the Eighth Circuit vacated and remanded to this Court a previous holding where McIntyre was successful, does not preclude her from seeking attorney fees for her appeal.  The Eighth Circuit did not hold that McIntyre was not entitled to benefits at all, but only that the Court applied an erroneous standard.  Under the more deferential standard, this Court held that McIntyre was still entitled to benefits and that denial of those benefits was unreasonable, which

constitutes some success on the merits.³  Therefore, if McIntyre's fees are reasonable, she is entitled to the amount of $32,895.00 in attorney fees and costs incurred during her appeal.

## IV.     Reasonableness of Fees

The Court must review the entire amount of attorney fees and costs requested by McIntyre for the period of May 29, 2019 through September 5, 2021—$72,542.44, which includes the amount incurred on appeal.⁴  In determining a reasonable award of attorney fees, the Court begins with the "lodestar" amount, obtained by calculating, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A reasonable hourly rate is usually the ordinary rate for similar work in the community.  *Fish v. St. Cloud State Univ.*, 295 F.3d

---

³ Though the issue does not turn on whether McIntyre had some success on the merits in the appellate court, the parties spend a significant amount of time laying out their arguments. The Court need not reach this issue here, but it will note that it is not wholly convinced McIntyre did not have some success on the merits at the Eighth Circuit.  While the appeals court agreed with Reliance that the Court should have reviewed their decision under an abuse of discretion standard, the Eighth Circuit declined to apply that standard and hold that Reliance acted properly.  *McIntyre*, 972 F.3d at 965–66.  Instead, it remanded to this Court for review because of the fact intensive nature of the case.  Had the Court wanted to rule in favor of Reliance, and against McIntyre, it could have done so.  In *Hardt*, the Supreme Court deemed that some success on the merits was achieved when the district court remanded the case back to the insurer.  560 U.S. at 256.  But notably there, and missing here, is that the district court stated it was inclined to rule in the claimant's favor and held that there was compelling evidence she was entitled to benefits.  *Id.*  Here, the Eighth Circuit made no such statements.  *See McIntyre,* 972 F.3d at 965. Whether McIntyre can be considered to have had some success on her appeal is not entirely clear, but because McIntyre has had some success on the merits in the overall litigation, it is not necessary for the Court to make such a determination.

⁴ Reliance raises no issues with the reasonableness of the $50,000 previously stipulated to for attorney fees and costs incurred through May 28, 2019, so the Court will not undertake a review of the reasonableness of that amount.

849, 851 (8th Cir. 2002). District courts may rely on their own experience and knowledge in determining the prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). Courts may also consider factors such as: (1) time and labor required; (2) the results obtained; and (3) the experience, reputation, and ability of the attorneys. *Hensley*, 461 U.S. at 430 n.3.

Here, the lodestar amount is based on the rate of $425/hour for Katherine MacKinnon who billed a total of 155.2[5] hours and a rate of $275/hour for Nicolet Lyon who billed a total of 22 hours. (MacKinnon Aff., Ex. C.) The total amount sought is $71,925.00.[6] Both MacKinnon and Lyon are experienced attorneys who have extensively litigated ERISA cases. (MacKinnon Aff., Exs. H–I.) The rates charged by MacKinnon and Lyon have been reviewed and attested to as reasonable and well within the range of rates for ERISA attorneys in this marketplace by another experienced ERISA litigator in the community. (Aff. of Denise Y. Tataryn, Sept. 7, 2021, Docket No. 80.) The rates of $425 for MacKinnon's services and $275 for Lyon's services are reasonable based on their experience and reputation and are in line with the rates charged in the local legal market.

---

[5] Upon the Court's independent review of Exhibit C to MacKinnon's Affidavit, the number of hours billed by MacKinnon totals 155.2.

[6] It is unclear how McIntyre reached this number. Using the number claimed in McIntyre's brief for the hours billed by MacKinnon (159.1) and Lyon (22), this amount should be several thousand dollars higher. The number of hours billed by Lyon is correct, but the number of hours billed by McKinnon was incorrect. Using the correct number of hours billed by MacKinnon, which was identified on the Court's independent review, McIntyre is actually entitled to $72,010 in attorney fees. Since the difference between the correct amount and the requested amount is only $85 and McIntyre requested the lower amount, the Court will use the lower amount—$71,925.00.

The amount of hours spent on this matter by both attorneys is also reasonable given the duration of this case, the appeal, and the length of the administrative record. Furthermore, the lodestar amount is supported by the fact that McIntyre was successful twice in this Court on her claims against Reliance. Reliance does not dispute the $617.44 sought in attorney costs and the Court sees no reason to find these costs unreasonable.

Fees which are excessive or duplicative are not reasonable. *Christoff v. Unum Life Ins. Co. of Am.*, 2019 WL 6715067, at *3–4 (D. Minn. Dec. 10, 2019). Reliance argues that a portion of the $39,030.00 fees and costs incurred during remand of this case should be discounted as unreasonably excessive or duplicative. Reliance takes issue with the following time incurred for research conducted by McIntyre's lead counsel, MacKinnon: (1) 3.0 hours on November 29, 2020 for legal research on a "serious procedural irregularity;" (2) 2.6 hours on November 30, 2020 for legal research on procedural irregularities and the importance of witness statements; and (3) 13 hours on December 1, 2020 for legal research on conflict of interest, failure to appeal on time, serious procedural irregularities, and drafting a response and reply brief. (Memo. Opp. Pl's Mot. Att'y Fees and Costs, at 5, Oct. 4, 2021, Docket No. 88; MacKinnon Aff., Ex. C at 5–6.) The total fee for these hours of research equals $7,905.00. (*Id.*)

Reliance claims that this research should have been done by co-counsel, Lyon, who charged a lower rate than MacKinnon. Citing *Christoff*, Reliance asserts that "one reason why an experienced ERISA attorney can command more than $300 per hour is because

11

[they] should not need to spend a lot of time researching issues such as caselaw on the applicable standard of review." 2019 WL 6715067, at *4. Therefore, Reliance contends, McIntyre, as an experienced ERISA attorney, should not have been spending this many hours on research. Arguing that MacKinnon's hours researching were excessive, Reliance asks the Court to apply a discount of 50% for a reduced fee of $3,925.00.

Though Reliance's assertion would be more persuasive as it relates to a larger law firm, the Law Offices of Katherine MacKinnon is only a two-person firm. So, while normally work can be delegated from higher cost to lower cost attorneys within a larger law firm, here, this was not feasible. Rather, the structure of the firm was that the attorney responsible for the matter handled the bulk of the work while the other attorney provided sporadic support and assistance. This dynamic is borne out in Exhibit C which shows clearly that MacKinnon was the lead attorney on this case, with Lyon only billing a total of eight times over the course of 3 years. (MacKinnon Aff., Ex. C at 1–7.) To require a lower cost attorney to conduct research on a case where she intermittently provided support and assistance would be inefficient and would punish McIntyre's attorneys for operating as a smaller law firm. The fees challenged by Reliance are reasonable as are the remainder of the fees requested by McIntyre.

In sum, the Court will award McIntyre $50,000 in attorney fees and costs incurred prior to May 28, 2019, payable upon McIntyre prevailing at the Eighth Circuit, and will

award McIntyre $72,542.44 in attorney fees and costs incurred between May 29, 2019 and September 5, 2021, including the fees and costs associated with the appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Attorney Fees [Docket No. 78] is **GRANTED**;

2. Defendant shall pay Plaintiff $50,000 for fees and costs incurred prior to May 28, 2019;

    a. Such an amount will be paid to Plaintiff by Defendant within 2 weeks following issuance of the mandate from the Eighth Circuit regarding any appeal from the judgment of September 5, 2021 in which Plaintiff is the prevailing party;

3. Defendant shall pay Plaintiff $72,542.44 for fees and costs incurred between May 29, 2019 and September 5, 2021;

4. The payment described above is without waiver or prejudice to Plaintiff filing a claim for additional fees and costs for proceedings after September 5, 2021.

DATED: January 13, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court